## ARTHUR CANTRELL, Respondent, v. I. HARRY CRANE, Appellant.

**Springfield Court of Appeals, February 5, 1912.**

1. **APPEAL AND ERROR** Respondent's Additional Abstract: Supplying Record in Appellant's Abstract. In a case originating before a justice of the peace an affidavit for a change of venue was filed and the papers in the case were sent to another justice. Appellant contended that the justice before whom the suit was begun had made no order changing the venue from his court, but the respondent filed an additional abstract of the record, from which it appeared that the order changing the venue had been duly made. *Held*, that this disposed of the objection raised by the appellant as to the jurisdiction of the court for want of an order changing the venue.

2. **JUSTICES' COURTS: Change of Venue: Transcript of Justice.** Two cases originated before a justice of the peace between the same parties and an affidavit for a change of venue was filed in each case at the same time and the change ordered in both cases by the justice at the same time; the transcript of the justice in the two cases was made on one sheet of paper and that paper attached to the files in one case. *Held*, that this did not destroy the force of the order made in the other case, nor prevent such transcript becoming a part of the record in the other case.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*Lamar, Lamar & Lamar* for appellant.

(1) It is elementary that a justice court is a court of inferior and limited jurisdiction not proceeding according to the course of the common law, and no presumptions are indulged in their favor. The facts showing their jurisdiction must appear by recitals of their docket entries. "His record must show the manner in which his process was served, the place of service and such other jurisdictional facts as authorize the exercise of his judicial powers." Brown on

Jurisdiction of Courts, 55; Murfree's Jurisdiction of Justices, secs. 108, 236-7-8, 211, 223; Kelly's New Treatise for Justices, sec. 20; State ex rel. v. County Court, 66 Mo. App. 96; Sawyer v. Burris, 141 Mo. App. 108; Brownfield v. Thompson, 96 Mo. App. 340; Corrigan v. Morris, 43 Mo. App. 456; State v. Metzgar, 26 Mo. 65; State ex rel. v. O'Halloran, 144 Mo. App. 570. (2) In order for jurisdiction to try said cause to vest in any other court, C. D. Sutton, the justice before whom the case was instituted, must have made an order granting the change of venue and designating the township and the justice to which said cause was sent. It is the order of the justice changing the venue which divest him of jurisdiction and vests jurisdiction in the other justice. Murfree's Jurisdiction of Justices, secs. 505-6-7; Colvin v. Six, 79 Mo. 198; Werckman v. Taylor, 112 Mo. App. 371; Lynch v. Railroad, 208 Mo. 35. (3) The territorial jurisdiction of a justice is limited and the residence of the parties gives to the justice jurisdiction over the subject- matter and not merely of the person, and jurisdiction of the subject-matter, whether of amount, the class of case, or growing out of residence of the parties, cannot be waived. Neither can jurisdiction be conferred by consent of parties. Brown on Jurisdiction of Courts, 95; Murfree's Jurisdiction of Justices, sec. 227; Smith v. Simpson, 80 Mo. 634; Harris v. Meredith, 106 Mo. App. 591; O'Reilly v. Henson, 97 Mo. App. 491; State ex rel. v. Nixon, 232 Mo. 496; Cooper v. Barker, 33 Mo. App. 181; Bank v. Doak, 75 Mo. App. 335; Sawyer v. Burris, 141 Mo. App. 108; McQuoid v. Lamb, 19 Mo. App. 153; Grant v. Stubblefield, 138 Mo. App. 555; Dennis v. Bailey, 104 Mo. App. 638.

*Dooley & Hiett* for respondent.

COX, J.—According to appellant's abstract of the record, the condition of this case is as follows: Action

on account begun before C. D. Sutton, justice of peace of Lynch Township in Texas county. The summons issued and served, an affidavit for change of venue filed. Papers filed in this case before Esq. Sutton sent to James Harmon, justice of peace of Sherrill township in Texas county but no transcript showing the order granting the change of venue by Justice Sutton. Parties appeared and trial had before Justice Harmon and judgment for plaintiff for $50. Defendant appealed to circuit court where judgment again went against him and he has appealed to this court.

Appellant's contention here is that Justice Sutton, before whom the suit was begun, made no order changing the venue from his court to that of Justice Harmon and for that reason neither Justice Harmon nor the circuit court acquired jurisdiction to try the case.

Respondent has filed an additional abstract of the record from which it appears that Justice Sutton did make an order changing the venue from his court to that of Justice Harmon. By this the objection to the jurisdiction of the court made by appellant is disposed of on the facts against appellant and it becomes unnecessary to pass on the legal question that would have arisen had there been no order granting a change of venue as claimed by appellant.

What gave rise to the apparent omission of the justice to make an order granting a change of venue is the fact that two cases between the same parties were pending before him at the same time and an affidavit for change of venue in each case was filed by defendant at the same time and passed on by the justice at the same time and the transcript of the justice in both cases was made on the same sheet of paper but a separate order granting a change of venue was made in each case. When the papers reached Justice Harmon, the paper containing the transcript in both cases was filed with the papers in the other case. Both cases

were appealed from Justice Harmon's court to the circuit court at the same time and the paper containing the transcript showing the order granting the change of venue in this case was attached to the files of the other case in the circuit court also.

The fact that the transcript of Justice Sutton in two cases was made on one sheet of paper and that paper attached to the files in another case did not destroy the force of the order made in this case nor prevent it becoming a part of the record in this case. Judgment affirmed. All concur.